IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAVERICK RECORDING COMPANY, ) | |
| a California joint venture; ) | |
| VIRGIN RECORDS AMERICA, INC., ) | |
| a California corporation; ) | |
| SONY BMG MUSIC ENTERTAINMENT, ) | |
| a Delaware general partnership; ) | |
| BMG MUSIC, a New York general partnership; ) | |
| ARISTA RECORDS, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-05-1351-M |
| ) | |
| ASHRAF HABIB, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiffs' "Application for Entry of Default Judgment by the Court" [docket no. 14], filed April 26, 2006. Plaintiffs seek statutory damages, injunctive relief, and costs pursuant to the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 et seq. As of the date of this Order no response has been filed. Plaintiffs' motion is ripe for adjudication.

I.     Procedural Background

On November 17, 2005, Plaintiffs filed the instant action alleging claims of copyright infringement. On December 13, 2005, Defendant was personally served. *See* Proof of Service Affidavit [docket no. 7]. The Court, therefore, finds Defendant has been validly served. The time for Defendant to answer or otherwise plead or move has expired. *See* Fed. R. Civ. P. 12(a)(1)(A). Defendant has filed no appearance, answer, request for extension of time, or any other motion. Accordingly, on April 26, 2006, Plaintiffs filed a Motion to Enter Default [docket no. 12], and on April 27, 2006, the Clerk entered Defendant's default.

II.     Discussion

Upon the Clerk's entry of Defendant's default, the Court takes the factual allegations of the Complaint, except those relating to the amount of damages, as true. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). "[A]fter default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). "[L]iability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." *Id*. Finally, "[o]nce the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded." *Id*.

   A.     Liability

To present a valid claim for copyright infringement, Plaintiffs must establish both that they possess a valid copyright and that Defendant copied[1] protectable elements of the copyrighted work. *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996). In their Complaint, Plaintiffs allege that they "are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the 'Copyrighted Recordings')," and that "Defendant, without the permission or consent

---

[1] "'Copying' . . . refer[s] to the infringement of a copyright holder's exclusive rights under a copyright." *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 n.2 (10th Cir. 1996) (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 n.6 (10th Cir. 1993)).

of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution." Complaint at 3-4.

Several courts have held that downloading music from the internet, which the user does not own, constitutes "direct infringement," in violation of the Copyright Act. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003); *A & M Records, Inc. v. Napster*, 239 F.3d 1004, 1014 (9th Cir. 2001). Having considered the entire record and taking the factual allegations of the Complaint as true, the Court finds that Plaintiffs possessed a valid copyright and that Defendant infringed that copyright. Accordingly, the Court finds that Plaintiffs have established Defendant's liability.

Furthermore, in support of their motion, Plaintiffs submitted the affidavit of Colin G. Martin who states that Defendant is not an infant or incompetent person, and that a search of available public databases indicates that Defendant is not in the military service. *See* 50 App. U.S.C. § 521(b)(1). Accordingly, the Court finds that judgment by default is appropriate.

B.     Recovery

    1.     Damages

17 U.S.C. § 504(c)(1) provides, in pertinent part:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). Plaintiffs seek the minimum statutory damages for each of the six (6)

infringements alleged in the Complaint, for a total of $4,500. As such, the Court finds that Plaintiffs' claims are for a sum certain and that a hearing to determine the amount of damages is not necessary. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or capable of mathematical calculation"). Accordingly, the Court finds that Plaintiffs are entitled to an award of statutory damages in the amount of $4,500.

    2.    <u>Injunctive Relief</u>

Plaintiffs also seek a permanent injunction preventing Defendant from any future infringement of their rights. Specifically, Plaintiffs ask the Court to enjoin Defendant as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:
>
> (1) "You Get Me" on album "The Spirit Room" by artist Michelle Branch (SR# 303-732);
>
> (2) "In Your Eyes" on album "If I Could Tell You" by artist Yanni (SR# 287-288);
>
> (3) "Hold Me" on album "Affirmation" by artist Savage Garden (SR# 276-120);
>
> (4) "Away In A Manger" on album "Miracles" by artist Kenny G (SR# 206-848);
>
> (5) "She's Got It All" on album "I Will Stand" by artist Kenny Chesney (SR# 238-371);
>
> (6) "In a Sentimental Mood" on album "Classics In The Key Of G" by artist Kenny G (SR# 289-898);
>
> and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or

>     any online media distribution system to reproduce (i.e. download)
>     any of Plaintiffs' Recordings, to distribute (i.e. upload) any of
>     Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings
>     available for distribution to the public, except pursuant to a lawful
>     license or with the express authority of Plaintiffs.  Defendant also
>     shall destroy all copies of Plaintiffs' Recordings that Defendant has
>     downloaded onto any computer hard drive or server without
>     Plaintiffs' authorization and shall destroy all copies of those
>     downloaded recordings transferred onto any physical medium or
>     device in Defendant's possession, custody, or control.

Section 502 of the Copyright Act authorizes a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).  The Tenth Circuit has held that "a copyright holder that establishes past infringement and a substantial likelihood of infringement in the future is normally entitled to a permanent injunction against the infringer pursuant to § 502(a)." *Harold Stores, Inc. v. Dillard Dep't. Stores*, 82 F.3d 1533, 1555 (10th Cir. 1996).

In this case, Plaintiffs have alleged that Defendant downloaded and distributed their copyrighted recordings in the past thereby infringing their exclusive rights of reproduction and distribution.  Complaint at 3-4.  Plaintiffs further assert that "[t]he conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money[, and] Plaintiffs have no adequate remedy at law." Complaint at 4.  By his default, Defendant has admitted these allegations. *See* 10A Wright & Miller, Federal Practice and Procedure § 2688 (3d ed. 2006); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2005).

Having reviewed the requested injunction, the Court finds that its terms are reasonable. Furthermore, having previously determined that Defendant is liable to Plaintiffs for copyright infringement, section A *supra*, and having considered the record as a whole, the Court finds that

Plaintiffs have established a substantial likelihood of infringement in the future. Accordingly, the Court finds that Plaintiffs are entitled to the injunction sought.

### 3.    Costs

Finally, Plaintiffs seek to recover their costs pursuant to 17 U.S.C. § 505, which provides that "the court in its discretion may allow the recovery of full costs by or against any party . . . ." 17 U.S.C. § 505. In his affidavit, Mr. Martin states that Plaintiffs have incurred costs in the amount of $250.00, which represents filing fees and service of process fees. Having reviewed the record, the Court finds that the amount sought is reasonable, and that, as such, Plaintiffs are entitled to recover costs in the amount of $250.

## III.    Conclusion

For the reasons set forth in detail above, and pursuant to Federal Rule of Civil Procedure 55, the Court GRANTS Plaintiffs' "Application for Entry of Default Judgment by the Court" [docket no. 14], ORDERS that default judgment be entered against Defendant Ashraf Habib, ASSESSES damages in the amount of $4500, and costs in the amount of $250, and ORDERS that

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:
>
> (1)    "You Get Me" on album "The Spirit Room" by artist Michelle Branch (SR# 303-732);
>
> (2)    "In Your Eyes" on album "If I Could Tell You" by artist Yanni (SR# 287-288);
>
> (3)    "Hold Me" on album "Affirmation" by artist Savage Garden (SR# 276-120);
>
> (4)    "Away In A Manger" on album "Miracles" by artist Kenny G (SR# 206-848);

(5)    "She's Got It All" on album "I Will Stand" by artist Kenny Chesney (SR# 238-371);

(6)    "In a Sentimental Mood" on album "Classics In The Key Of G" by artist Kenny G (SR# 289-898);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**IT IS SO ORDERED this 24th day of July, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE